UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JOHN CHARLES IACONO, JR.                                                          PLAINTIFF

v.                                                          CIVIL ACTION NO. 3:10-CV-00758

SALLIE MAE, INC., *et al.*                                                        DEFENDANTS

### MEMORANDUM OPINION

This matter is before the court on plaintiff John Charles Iacono's motion for leave to file a first amended complaint (DN 42). For the reasons stated herein, the motion to amend will be granted in part and denied in part.

### BACKGROUND

In a complaint filed November 30, 2010, in Jefferson County, Kentucky, Circuit Court, Iacono brought claims against defendants Sallie Mae, Inc. ("Sallie Mae"); J.P. Morgan Chase Bank, N.A. ("Chase"); and Affiliated Computer Services, Inc., ACS/CLC College Loan ("ACS"). Iacono alleged that he had been the victim of identity theft perpetrated, to Iacono's knowledge, by a person named Cory Kizer, whose last known address was in Kissimmee, Florida. As a result of Kizer's alleged identity theft, Iacono's credit report showed various loans made by the defendants, totaling $98,616, which Iacono supposedly never incurred. According to Iacono, he told Sallie Mae, Chase, and ACS that those loans were unauthorized and that he never received any money or property as a result of the unauthorized transactions, but the three defendants nevertheless insisted that the accounts were not fraudulent and that Iacono was responsible for paying the accounts. In his complaint, Iacono asked for a declaratory judgment

that the accounts were fraudulent, that Iacono was not responsible for paying them, and that the entries on his credit report should be removed. On December 20, 2010, the defendants removed the case to this court on the basis of its diversity jurisdiction.

In a scheduling order dated March 17, 2011, Magistrate Judge James D. Moyer ordered that "[a]ny motions for joinder of parties or amendment of pleadings shall be filed no later than May 23, 2011" (DN 17).

On October 7, 2011, Iacono moved to file a first amended complaint. In the proposed amended complaint, he sought to do two things. First, Iacono wished to add as a defendant the College Loan Corporation ("CLC"), which was apparently the originator of the loan listed on Iacono's account under the name "Associated Computer Services, Inc., ACS/CLC College Loan." Second, Iacono desired to add claims against all the defendants under the Fair Credit Reporting Act ("FCRA"). The defendants opposed Iacono's motion to file an amended complaint on grounds that the motion is not timely and that the FCRA claims are futile.

## ANALYSIS

*1. The Applicable Standards*

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, a party may amend a complaint more than 21 days after a responsive pleading has been served only with leave of the court; that leave shall be "freely give[n]" when "justice so requires." However, the calculus changes once a pleading deadline set in a Rule 16 scheduling order has passed. *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003); *Shane v. Bunzl Distribution USA, Inc.*, 275 F. App'x 535, 536 (6th Cir. 2008). Federal Rule of Civil Procedure 16(b)(4) states that a "schedule may be modified only for good cause and with the judge's consent." "The primary measure of

Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Financial Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)). However, the Sixth Circuit has held that a district court must consider the "potential prejudice to the nonmovant" when deciding whether or not to amend a scheduling order. *Leary*, 349 F.3d at 909; *Inge*, 281 F.3d at 625.

Moreover, because Rule 16 does not supplant Rule 15, a court must also determine whether leave to amend is proper under that Rule. *See Leary*, 349 F.3d at 906-909. Under Rule 15, leave to amend may be denied due to a showing of undue delay, bad faith, or dilatory motive. *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, before denying a motion to amend under Rule 15 for undue delay, "a court must find 'at least some significant showing of prejudice to the opponent.'" *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986)).

Additionally, leave to amend a complaint may be denied if the amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). A court need not permit an amendment when the proposed amendment "would not survive a motion to dismiss." *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376 (6th Cir. 1993). To survive a motion to dismiss for failure to state a claim, a complaint "must contain either direct or inferential allegations respecting all material elements" of the offense. *In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 903 (6th Cir. 2009) (internal question marks ommitted).

### *2. The Fair Credit Reporting Act Claims*

Iacono's proposed first amended complaint seeks to add the following factual allegations to those in his original complaint: Iacono submitted requests to each defendant to review the loan transactions and credit reporting for each of the loans. Iacono complied with the defendants' requests that he establish that he did not sign any of the loan applications, promissory notes or disbursement checks and did not receive any loan proceeds. However, the defendants denied his requests to be released from the loan transactions and to have the entries on his credit report removed. According to Iacono, the defendants did not support their denials with evidence establishing that Iacono signed any of the documents or gave permission to others to sign the documents. Iacono claims that the defendants thereby violated their duties under the FCRA, although he does not specify in his proposed first amended complaint the particular section(s) of the FCRA that the defendants allegedly violated. The defendants contend that amending the complaint to include any claim against them under the FCRA would be futile.

The FCRA imposes "distinct obligations on three types of entities: (1) consumer reporting agencies; (2) users of consumer reports; and (3) furnishers of information to consumer reporting agencies." *Stafford v. Cross Country Bank*, 262 F. Supp. 2d 776, 782 (W.D.Ky. 2003) (citing *Carney v. Experian Info. Solutions*, 57 F. Supp. 2d 496, 500 (W.D.Tenn. 1999). The factual allegations Iacono makes against the defendants pertain to their role as furnishers of credit information. The obligations of furnishers of credit information are set forth in 15 U.S.C. § 1681s-2.

Under 15 U.S.C. § 1681s-2, "those who furnish information to consumer reporting agencies have two obligations: (1) to provide accurate information; and (2) to undertake an

investigation upon receipt of a notice of dispute regarding credit information that is furnished." *Downs v. Clayton Homes, Inc.*, 88 F. App'x 851, 853 (6th Cir. 2004). However, the first duty, set forth in section 1681s-2(a), provides no private cause of action for breach of that duty. *Stafford v. Cross Country Bank*, 262 F. Supp. 2d 776, 782-783 (W.D.Ky. 2003). It is true, as the plaintiffs point out, that the FCRA has provisions that generally allow for a private cause of action for willful and negligent noncompliance with the requirements of the FCRA. 15 U.S.C. §§ 1681n, 1681o. However, as explained in *Stafford*, 262 F. Supp. 2d at 782, those provisions are explicitly exempted from applying to section 1681s-2(a) by section 1681s-2(c) and (d). Thus, no private cause of action exists for the failure of a furnisher of credit information to provide accurate information in violation of section 1681s-2(a). *See, e.g.*, *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 34 (3d Cir. 2011); *Bach v. First Union Nat. Bank*, 149 F. App'x 354, 358-359 (6th Cir. 2005); *Farris v. Morgan Stanley Dean Witter Credit Corp.*, 2010 WL 3023808, at *4 (E.D.Mich. 2010); *Best v. West Point Bank*, 2008 WL 793641, at *2 (W.D.Ky. 2008); *Stafford*, 262 F. Supp. 2d at 782-783; *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002).

In contrast, courts have generally found that a private cause of action exists for violation of the duty under section 1681s-2(b) of a furnisher of credit information to undertake an investigation upon receipt of a notice of a dispute regarding the information. *Stafford*, 262 F. Supp. 2d at 783 (holding that a private cause of action for violations of section 1681s-2(b) exists and noting that "[v]irtually all courts considering this issue are in agreement"); *see Bach*, 149 F. App'x at 359; *Farris*, 2010 WL 3023808, at *4 (noting disagreement among courts as to whether section 1681s-2(b) provides a cause action, but finding that it did based on the language of the

statute and the fact that several district courts in the Sixth Circuit, as well as the Sixth Circuit in an unpublished opinion, found that a private cause of action for violation of that section existed).

Nevertheless, the proposed first amended complaint put forth by Iacono fails to state a claim under section 1681s-2(b). Subsection (b) sets forth certain requirements that a furnisher of credit information must comply with after having received notice of a dispute as to the credit information. However, subsection (b) hinges the responsibility of furnishers of credit information to comply with those requirements on them having "receiv[ed] notice pursuant to section 1681i(a)(2)." *Id.* And that section pertains to the duty of a credit reporting agency to provide notice of a dispute to a furnisher of credit information. 15 U.S.C. § 1681i(a)(2). Thus, for a furnisher of credit information to have the responsibility to undertake the investigative steps commanded by section 1681s-2(b), the furnisher must have received notice of a dispute from a credit reporting agency. Notification from a consumer is not enough. *Stafford*, 262 F. Supp. 2d at 783-784; *Lowe v. Surpas Res. Corp.*, 253 F. Supp. 2d 1209, 1253-1254 (D.Kan. 2003) (collecting cases).

Here, Iacono's proposed first amended complaint contains allegations that Iacono had submitted disputes directly to the defendants. However, the proposed first amended complaint contains no allegations that Iacono had submitted a dispute to the credit reporting agency, which would then be obliged to provide notice to the defendants and, in turn, trigger the investigation requirements. Thus, Iacono's proposed first amended complaint does not state any claim under section 1681s-2(b).[1]

---

[1] Iacono argues in his reply papers that he did provide notice of his dispute to the credit reporting agency and that a dispute is noted on his credit report. However, Iacono did not plead those facts in his proposed amended complaint; thus, the allegations in the proposed amended

continue...

In short, the allegations in Iacono's proposed first amended complaint are insufficient to state any claims against the defendants under the FCRA. Accordingly, Iacono's motion to amend the complaint will be denied insofar as it seeks to add those futile FCRA claims.

### *3. The Addition of CLC as a Defendant*

With respect to Iacono's request to add CLC as a defendant, the defendants argue that the request is untimely. The defendants contend that Iacono did not have "good cause" for failing to seek to make that amendment by the deadline for amending the pleadings set forth in the scheduling order. The defendants argue that ACS identified CLC as the originator of the loan serviced by ACS in ACS's Rule 26(a)(1) documents, which, the defendants state, were served on Iacono on April 7, 2011, more than six weeks before the amendment deadline. Iacono, for his part, argues that the defendants have delayed in providing him discovery throughout the case, that all parties were long-aware that Iacono was planning to add CLC as a party, and that the defendants have not been prejudiced by any delay by Iacono in seeking to amend his complaint. Iacono also points out that ACS had appeared at one settlement conference, held on September 25, 2011, with settlement authority for CLC.

Here, this court is hard-pressed to find that Iacono's failure to seek to add CLC as a defendant at an earlier time was due to anything other than his lack of diligence. A review of Iacono's reply papers shows that Iacono never states when it was that he first realized CLC was

---

[1]...continue
complaint do not state a claim, and therefore the claim in the proposed amended complaint would be futile. If Iacono wishes to seek to file an amended complaint addressing the deficiency in the allegations in the proposed first amended complaint identified herein, he may do so in a new motion; however, Iacono should provide an explanation in that motion of why good cause exists to permit the addition of an entirely new claim after the scheduling deadline for amending the pleadings has passed.

the originator of the loan serviced by ACS. Indeed, as noted above, ACS states in its response papers that it served Iacono with discovery papers identifying CLC as the originator of the loan serviced by ACS six weeks prior to the amendment deadline. Iacono did not even see fit to deny that allegation in his reply.

However, weighing in Iacono's favor is the fact that the prejudice to the defendants of allowing the amendment is minimal at most. The defendants make no real argument that they would suffer undue prejudice from adding CLC as a party at this time. It appears that discovery is still ongoing. Indeed, Iacono states in his reply that the defendants have yet to depose him. No dispositive motions have been filed in the case. Moreover, while it is not clear why Iacono did not seek to add CLC as a defendant sooner, it also seems likely that the addition of CLC will not appreciably change the scope of the issues or the amount of discovery required in the case, especially since Iacono had already named as a defendant ACS, the servicer of the loan CLC originated. In short, while the deadline the parties set for adding parties had passed by over four months at the time Iacono sought to add CLC as a defendant, it is unclear that any actual undue prejudice will result from the late addition of CLC.

Although Iacono's failure to add CLC at an earlier time appears to be the result of a lack of diligence on his part, this court finds that the, at most, minimal prejudice to the defendants that will result from adding CLC counsels in favor of allowing that amendment.

## CONCLUSION

Iacono's motion to amend will be granted to the extent of permitting him to add CLC as a defendant, but will be otherwise denied since the FCRA claims he seeks to add in his proposed

amended complaint are futile under the factual allegations therein. A separate order will issue in accordance with this opinion.

June 27, 2012

Charles R. Simpson III, Judge
United States District Court

D03